(No. 4383—

George E. Wright, Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 7, 1951.*

Herbert N. Tragethon, Attorney for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Delaney, J.

George E. Wright, claimant, was employed by the Military and Naval Department of the State of Illinois at the Camp Lincoln Armory in Springfield, Illinois. He seeks to recover from respondent under the Workmen's Compensation Act for injuries suffered on April 9, 1950.

Claimant was employed as a fireman and watchman, and, in performing his duties on the date of the accident, he was returning to the boiler room after a routine check of the building. Upon entering the boiler room claimant slipped on the stairs, leading to the floor of the boiler room, and fell. The accident occurred at approximately 3:00 to 3:30 A.M., and claim-

ant was not given first aid or medical attention until about 6:30 A.M. when the relief man arrived on the job.

He was removed to his home, a doctor summoned, and on April 10th he was removed to St. John's Hospital. He was first attended by Drs. Franklin Maurer and George Fleischli, who performed an operation on his right hip. The most serious injury was a comminuted fracture of the surgical neck of the right femur, along with abrasions to the right elbow, and injury to the back. He was hospitalized from April 10, 1950 to September 10, 1950. At the time of the hearing there was extensive testimony by both Drs. Maurer and Fleischli as to the nature and extent of the injuries, and the present condition of the claimant. There was extensive testimony as to the condition of the right leg, left leg and back. In addition to the injury, claimant was suffering from an aggravated condition of his left leg, having had varicose veins for a period of years, ankylosis of the right hip, stiffness and soreness in the back, and a hernia, which did not arise out of this accident. Both Drs. Maurer and Fleischli were of the opinion that claimant was totally and permanently disabled, and that he would never be able to pursue a gainful occupation.

On the date of the hearing, claimant was walking with a cane, and, after listening to the medical evidence, talking with the claimant, and observing him in moving, our Commissioner, Henry S. Wise, was of the opinion that he was totally and permanently disabled. He only has an eighth grade education, and has done manual labor all of his life. There is no question that he will never be able to do manual labor again.

No jurisdictional question is raised. Respondent

and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of the employment.

The record consists of the complaint, Departmental Report, abstract of record, stipulation waiving briefs of both parties, Supplemental Departmental Report, and transcript of evidence.

Claimant was 73 years of age at the time of the accident, married, but had no dependent children. Claimant was paid full salary of $165.00 for the months of May, June and July, and 50% of his monthly salary, or $82.50, for the months of August and September, a total of $660.00. This must be deducted from any award made to claimant.

Claimant is entitled under Section 8, Paragraph (f), to an award of $6,000.00 for permanent total disability, less the sum of $660.00 heretofore paid to him as salary, or the sum of $5,340.00, which is payable as follows:

$1,655.34, which has accrued from April 10, 1950 to September 7, 1951, less $660.00 heretofore paid to claimant as salary, or $995.34, which is payable forthwith;

$4,344.66, to be paid in weekly installments of $22.50 beginning September 14, 1951 for a period of 193 weeks, with a final payment of $2.16; thereafter a pension for life in the sum of $480.00 annually, payable in monthly installments of $40.00.

All of the doctor and hospital bills were paid by respondent with the exception of $20.00 due Dr. H. B. Henkel, and an award of $20.00 is hereby entered in favor of Dr. H. B. Henkel, payable forthwith.

The testimony at the hearing was taken and transcribed by Harry L. Livingstone, who has submitted a statement of $77.00 for his services. This charge is reasonable and proper.

An award is made in favor of Harry L. Livingstone

for stenographic and reporting services in the amount of $77.00.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".